### SCOFIELD *v.* KREISER.

(*City Court of New York, General Term.* February 14, 1889.)

TROVER AND CONVERSION—WHAT CONSTITUTES CONVERSION.

  One who had possession of certain personal property belonging to plaintiff, under a lease which was filed, sold it to defendant, who had no actual notice of plaintiff's claim, and who two days afterwards returned a portion of the goods to the lessee. *Held,* that as to the portion so returned defendant was not guilty of a conversion, no demand having been made on him before such return.[1]

Appeal from trial term.

Action by Cyrus Scofield against Samuel Kreiser. From a judgment rendered for plaintiff, and from an order denying a motion for new trial, defendant appeals.

Argued before NEHRBAS and McGOWN, JJ.

*Abram Kling,* for appellant. *McAdam & McCrea,* (*Wm. G. McCrea,* of counsel,) for respondent.

NEHRBAS, J This is an action for the conversion of certain articles of furniture. In August, 1885, one F Fairbanks hired from the plaintiff the goods for the conversion of which this suit is brought. By the terms of the lease no title was to pass to said Fairbanks until all the installments of rent mentioned therein were paid, which was never done. The lease was filed in the office of the register of the city of New York on September 4, 1885, in accordance with chapter 315 of the Laws of 1884. In the month of February,

---

[1] Warehousemen who receive mortgaged goods for storage from the mortgagors, and thereafter deliver them to a third person on production of the warehouse receipt, are liable in trover to the mortgagee whose mortgages are recorded in another county, though they have no actual notice of his claim. *Hudmon* v. *Du Bose,* (Ala.) 5 South. Rep. 162.

1886, Fairbanks had the goods stored in the Lincoln Safe Deposit Company in New York city. On March 13, 1886, Fairbanks sold said goods to the defendant, Kreiser, who had them removed from the store-house, upon Fairbanks' order, to the defendant's premises. The defendant is an auctioneer, and on March 15, 1886, he sold the larger portion of said goods at auction, and on the same day returned some of the goods to Fairbanks, evidenced by the receipt of Fairbanks. The articles of furniture so returned to Fairbanks form a part of the goods for the conversion of which this action was begun. The defendant, when he purchased the goods from Fairbanks, and when he returned a portion of them to him, had no actual knowledge of plaintiff's claim thereto, except such as the law implied from the filing of the lease referred to. No demand was made until some time after March 15, 1886; this action having been commenced on April 10, 1886. Fairbanks has evidently disappeared.

Upon the trial the court was requested to charge the jury "that, if they find that any of the goods purchased by the defendant from Fairbanks were returned to Fairbanks before any demand was made upon the defendant by the plaintiff, then, as to such goods, the plaintiff cannot recover." This the court refused to charge under exception. The only question submitted to the jury was as to the value of the property. The jury found a verdict for the plaintiff for $307. Hence this appeal.

We think that the court erred in declining to charge the jury as requested. The defendant exercised no act of ownership or interference with the goods which were returned to Fairbanks, from whom he had purchased them with other property. Within two days after the goods were delivered to the defendant he returned them without actual knowledge of any claim to them by the plaintiff, and before any demand was made upon him. No conversion can be predicated upon the defendant's act of receiving from and immediately returning to his vendor the goods in question, unless he did so in defiance of the plaintiff's rights, or acted collusively, so as to deprive the plaintiff of the possibility of recovering his property. Neither is claimed in this case. When the demand was made upon him he neither had the goods in his possession, nor had his interference therewith been such as to place the plaintiff in any different position thereto than that which he occupied before their delivery to the defendant. The goods had simply passed through his hands back to the person from whom he received them, without the exercise of any authority or acts of ownership over them. This interference, under the circumstances, does not amount to a conversion. We have not been referred to any authority supporting any such claim. The defendant did all that he could have been required to do under the circumstances, and *non constat* he would have delivered up the goods to the plaintiff had he been asked to do so. The refusal to charge as requested was error, and, as the defendant has clearly been prejudiced thereby, the jury having included these goods in their verdict, the judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.